NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-36-HRW

BARRY FAUNTLEROY                                                              PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON                                                                   RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Barry Fauntleroy, who is in the custody of the Federal Bureau of Prisons ("BOP") and confined in the Federal Correctional Institution in Ashland, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.

This matter is before the Court for screening.[1] 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688 (1st Cir. 1970)).

CLAIMS

Petitioner claims that the BOP has applied invalidated regulations, 28 C.F.R. §570.20-.21, to deprive him of a longer stay in a Community Corrections Center ("CCC"),[2] rather than applying clear congressional intent and the factors to be considered in 18 U.S.C. §3621(b) and the BOP's own

---

[1] This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

[2] CCC's are also known as "halfway houses."

policy in Program Statement ("P.S.") 7310.04, at page 4,[3] which correctly interprets 18 U.S.C. §§3621(b) and 3624(c). He asks this Court to order the BOP to consider him for a six-month CCC placement, in compliance with 18 U.S.C. §3621(b) and its own program statement.

## ALLEGATIONS

The petitioner has submitted a typewritten, self-styled petition to which he has attached documents exchanged in the BOP administrative remedy process. The following is a summary of information from these sources.

Fauntleroy's factual allegations begin with March 27, 2006, when he was sentenced to 21 months' imprisonment in the United States District Court for the District of New Jersey. He attaches pages from the docket of that case, *United States v. Fauntleroy*, 05-CR-449-JAG-1, as Exhibit A. Group Exhibit B consists of the administrative documents exchanged as the petitioner sought placement in a CCC for the last six months of his sentence.

On January 31, 2007, Petitioner requested of his institutional "team" that he be considered for a six-month-long CCC placement, consistent with 18 U.S.C. §3621(b) and P.S. 7310.04 at page 4. His team, however, stated that they could award him only 10% of his sentence in a CCC, "no more per policy." When the petitioner appealed the matter informally, the response was that Fauntleroy did not qualify for more than 10% of his sentence, which is 54 days, and even this amount of time is dependant upon his team's recommendation for that amount of time.

When the petitioner appealed further, complaining that the previous response was deliberately delayed and was contrary to the terms of 18 U.S.C. §3621(b), the warden's response was to agree that under P.S. 7310.04 at page 4, the BOP's decision regarding CCC placement for

---

[3] In the administrative form, Fauntleroy referenced P.S. "7310.14," but this was apparently a typographical error, as he used "7310.04," the correct reference, in all of the rest of his submissions herein.

2

an inmate was not limited to just 10% or six months. Longer placements may be granted, "if appropriate." The warden continued, however, "This statute is applied if an inmate completes an Intensive Confinement Center program such as the intensive drug treatment program. You have not completed any programs to date." Therefore, the respondent warden concluded, Fauntleroy was eligible for only a maximum of 54 days in a CCC, and his unit team would determine the amount of this time which would be awarded.

Petitioner appealed this decision to the BOP's regional director on March 19, 2007. He charged that his team and the warden had erroneously followed 28 C.F.R. §570.20-.21, regulations which have been held invalid as unauthorized exercises of the BOP's discretion; and that the warden had wrongly asserted that the terms of P.S. 7310.04 and 18 U.S.C. §3621(c)[4] were dependent upon participation in the drug program. The petitioner again asked that he be considered for a 6-month placement under the factors set out in 18 U.S.C. §3621(c).[5]

Two weeks later, on April 2, 2007, Fauntleroy filed the instant petition making the above-described claims and citing cases which purportedly support his position, including opinions from the First, Eighth, and Tenth Circuits. He also submitted a motion for expedited review of the petition. In the motion, the petitioner claims that the BOP is willfully delaying administrative response times, and if he is required to wait for the responses of the BOP's regional director and national office in order to exhaust the administrative process, he would "suffer irreparable injury, and more than likely be released before the administrative remedy process would be complete."

---

[4] In the earlier administrative remedy documents and in this petition, Fauntleroy has urged compliance with only subsection *(b)* of §3621, which is entitled, <u>Place of imprisonment</u>, rather than §3621*(c)*, which is entitled, <u>Delivery of order of commitment,</u> and describes the orders to be delivered with the prisoner. The Court construes the reference to subsection (c) in the BP-10 to be another typographical error on the part of the petitioner.

[5] The Court construes this reference as yet another typographical error for §3621*(b)*. See fn 4, above.

Therefore, the petitioner asks that this Court not require him to complete the remainder of the BOP levels of appeal, and direct the BOP to consider him for a full 6 months in a CCC.

## DISCUSSION

Prisoners who seek relief under 28 U.S.C. §2241 are ordinarily required to exhaust administrative remedies before filing a habeas action in district court. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)); *Sesi v. United States Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950 (6th Cir.(Mich.) December 7, 2000) (Table) (Unpublished Deposition) (a federal prisoner must first exhaust his available administrative remedies before filing a §2241 petition); *United States v. Oglesby*, 52 Fed. Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)).

The petitioner's arguments to the contrary, however, the matter of whether to require exhaustion herein is not within the scope of the Antiterrorism and Effective Death Penalty Act ("AEDPA") or the Prisoner Litigation Reform Act ("PLRA"). Nor did the Supreme Court hold that failure to exhaust was not a violation of the PLRA, in *Jones v. Bock*, ___ U.S. ___, ___, 127 S.Ct. 910, 920-21 (2007), as Petitioner also argues.

Rather, exhaustion is a judicially created requirement for §2241 petitions, and the Court may waive the requirement if it finds that exhaustion is futile. *See Davis v. Keohane*, 835 F.2d 1147 (6th Cir. 1987); *Manakee Professional Medical Transfer Service, Inc. v. Shalala*, 71 F.3d 574 (6th Cir. 1995). Resort to administrative remedies is only futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the

4

issue together with an unwillingness to reconsider." *James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987).

The administrative remedies for federal prisoners bringing a 28 U.S.C. §2241 petition are set forth in 28 C.F.R. §§542.10-16 (1997). Section 542.13(a) demands that an inmate first informally present his complaint to the staff (BP-8 form) before filing a formal request for an administrative remedy. If the inmate cannot informally resolve his complaint with staff, then he may submit the formal written complaint (BP-9) to the warden. An inmate who is not satisfied with the warden's response may submit an appeal (BP-10) to the appropriate regional director within 20 calendar days of the date the warden signed the response.

The instant petitioner completed a BP-10 form on March 19, 2007, and the time is currently running for the regional director's response. Upon receipt of that response, Fauntleroy will be poised at the final level of appeal about the matter. Under the BOP procedures, an inmate who is not satisfied with the regional director's response may submit an appeal (BP-11) to the BOP's general counsel. The BOP's response times are established in 28 C.F.R. §542.18, which provides that responses shall be made . . . by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." *Id*.

Under the facts alleged herein, Fauntleroy's completion of the administrative remedy process is only two months away. The petitioner has not alleged the futility of exhaustion, nor given relevant dates to demonstrate that his last six months will be consumed before the matter is ripe for this Court's review. In fact, it appears that no decision about a CCC placement for Fauntleroy has been made. Accordingly, the Court is not inclined to decide this matter at this stage. Additionally, because the petitioner has suggested that he will suffer irreparable injury if this cause is not taken

5

up now, rather than later, the Court construes his request as one for preliminary injunctive relief and finds that such relief is not warranted.

The four factors to be considered before granting a preliminary injunction are: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiffs could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Golden v. Kelsey-Hayes Company*, 73 F.3d 648, 653 (6th Cir. 1996) (citing *Performance Unlimited v. Questar Publishers*, 52 F.3d 1373, 1381 (6th Cir. 1995) (citing *International Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir.), *cert. denied*, 502 U.S. 813 (1991) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985)))).

Considering these factors in relation to the facts in this case, (1) Petitioner's likelihood of success on the merits is questionable at this stage. With regard to the BOP's interpretation of §3621(b) and the 10% rule as being contrary to the plain meaning of the statute and invalid, the cases relied upon by Fauntleroy, *i.e., Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007), *Goldings v. Winn*, 383 F.3d 17, 28-29 (1st Cir. 2004), and *Elwood v. Jeter*, 386 F.3d 17, 28-29 (8th Cir. 2004), are from other circuits.

The appellate court in this circuit rejected the rationale of *Goldings* and *Elwood* about the 10% rule in *Dismas-Charities, Inc. v. United States Department of Justice*, 401 F.3d 666, 668 (6th Cir. 2005). The ultimate decision in *Dismas-Charities* did not turn on any interpretation of 18 U.S.C. §§3621(b) or 3624(c) as applied in considering a prisoner for CCC placement, however. The Court's disposition turned on conclusion that the plaintiff therein lacked standing. Therefore, the

strength of the petitioner's legal position in this circuit is currently unknown. The Court cannot conclude that the petitioner is "likely" to succeed on the merits.

Also at the current time, the record is incomplete factually, a situation which will most likely be remedied as the administrative remedies continue to conclusion. No decision has yet been made about the length of time the instant petitioner will be designated to a CCC, if any. Therefore, the Court cannot judge what factors were or were not used in arriving at that decision, be they the statutory factors or the regulatory factors. Fauntleroy claims that the regulation's factors were used, but in his administrative response, the warden does not refer to any regulation. To the contrary, the warden appears to rely on a program participation criterion as the deciding factor, a criterion which does not appear in 18 U.S.C. §3621(b). It remains to be seen if the regional and national offices support his position and cite to any authority.

As to factor (2), Petitioner has alleged irreparable injury in that he could be released by the time he completes the 1½ steps left in the administrative remedy process. However, he again provides no supporting facts, *i.e.*, his expected release date or the date on which his team will make its recommendation or the date marking the beginning of the last six months of his sentence. How close is he to the final six months of his sentence? Petitioner was sentenced to a relatively short sentence, 21 months, and he has served only 12 of them.

Fauntleroy asks the Court to rush to consider the relief requested but provides no record as to the need for speed. He does not state when timing becomes critical or how much of his sentence is left to be served. How would the location of his last six months of confinement injure him at all? Moreover, his arguments may be rendered moot if the BOP's decision is made to deny him a CCC placement at all or to award him one which is much less than the 54 days which the BOP is currently

7

considering. Or he may prevail in his regional or national appeal. In short, the Court is unable to conclude that denying Fauntleroy the relief he requests now will result in *irreparable injury*, which is the standard.

Moreover, as to factors (3) and (4), the courts are ever cautioned to stay out of the business of micro-managing prisons. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Turner v. Safley*, 482 U.S. 78 (1987); and *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987). Finally, the Court is not convinced that the public interest would be served by interfering with the BOP's discretion in selecting where this prisoner will spend the rest of his federal sentence and/or for how long he will be at any location.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Petitioner's motion for expedited review of his habeas petition [Record No. 3] is **DENIED**.

(2) Barry Fauntleroy's petition of habeas corpus is **DENIED**; this action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This April 10, 2007



Signed By:
Henry R Wilhoit Jr.
United States District Judge